# FAYETTE COUNTY.

## September Term, 1795.

### JOHN MULLEN *v.* NOAH RIDGEWAY.

1795.

ON the trial of an action on the cafe, *indebitatus affumfit*, for work done, &c. There was evidence given of work done, and of the fale of a horfe, in *New Jerfey*; and alfo that *Ridgeway*, while in prifon for debt, in that ftate, having petitioned for relief, under the infolvent law of that ftate, gave in a debt due by him, on an unfettled account, to *John Mullen*. This was in *February*, 1786, and the action was brought to *March* term, 1793. *Ridgeway* was difcharged under the infolvent law; and, foon after, left the ftate of *New-Jerfey*, and came into this country. The plaintiff continues to live in *New-Jerfey*.

*Rofs*, for the defendant, relied on the plea of the ftatute of limitations, and ftated that every man muft recover, according to the laws of the country where he fues.

*Purviance*, for the plaintiff, relied on the exception, which, he contended, applied to perfons going out of the ftate, to refide.

PRESIDENT. It will be beft to referve this point, and let a verdict be taken for the plaintiff, fubject to a nonfuit on the referved point.

This was done. And, at a fubfequent term, judgment was given for the plaintiff on the verdict, not only on the ground of the defendant having left the ftate, where the tranfactions between the parties had been; but becaufe the defendant, on his petition for difcharge by the act of infolvency, had ftated himfelf as a debtor to the plaintiff; and becaufe it would be hard to oblige creditors, after fuch difcharge, to commence and renew actions every five or fix years, merely to keep the debt alive, though there was no profpect of getting property of the debtor's. It would feem proper, after an infolvency, to fufpend the limitation of actions, to be brought by all creditors returned on the petition, till the debtor was notorioufly to his creditors in a folvent ftate.

1 St. L. 95.
Robifon vs.
Bland,
2 Burr. 1077.
1 Efp. 152.